AARONSON & AARONSON
ARTHUR AARONSON, SBN 64988
16133 Ventura Boulevard, Suite 675
Encino, California 91436
Phone: (818) 783-3858
Fax: (818) 783-3825

Attorney for Plaintiff,
JOHN WILLIAM KAIPO ENOS
& JOHNSON ENTERTAINMENT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN WILLIAM KAIPO ENOS, an individual and JOHNSON ENTERTAINMENT, LLC, a Native Hawaii limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-5790<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br>**(2) STATE UNFAIR COMPETITION;**<br>**(3) FEDERAL UNFAIR COMPETITION; AND**<br>**(4) DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, JOHN WILLIAM KAIPO ENOS, an individual and JOHNSON ENTERTAINMENT, LLC, a Native Hawaii limited liability company bring this Complaint against Defendants THE WALT DISNEY COMPANY, a Delaware corporation and DISNEY ENTERPRISES, INC., a Delaware corporation for damages and injunctive and declaratory relief based on copyright infringement (17 U.S.C. §§ 504 and 505); California Unfair Competition (Cal. Business and

Professions Code § 17200 et seq.); federal unfair competition (Lanham Act) and declaratory relief (28 U.S.C. §§ 2201 and 2202).

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction"), 28 U.S.C. § 1338(a) as this matter arises under the laws of the United States relating to copyright, and 15 U.S.C. § 1121 (Lanham Act). This Court has subject matter jurisdiction over the related state law claim of unfair competition under 28 U.S.C. § 1367 (action asserting a state claim of unfair competition joined with a substantial and related federal claim under copyright laws) and the doctrines of ancillary and pendent jurisdiction.

2. Defendants are subject to personal jurisdiction of this Court because Defendants have, and continue to conduct business in California and in this judicial district.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and 28 U.S.C. § 1400 because a substantial part of the acts or missions giving rise to this action occurred in this judicial district and because Defendants conduct business within this judicial district.

## PARTIES

4. Plaintiff, JOHN WILLIAM KAIPO ENOS ("ENOS") is, and all times mentioned herein was, an individual residing in Hawaii. ENOS is the founder and a principal of JOHNSON ENTERTAINMENT, LLC.

5. Plaintiff JOHNSON ENTERTAINMENT, LLC is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of Hawaii.

6. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant, THE WALT DISNEY COMPANY is a Delaware corporation with its principal place of business at 500 South Buena Vista Street, Burbank, California, 91521, duly authorized to do business in this District. Plaintiffs are informed and believe and upon such information and belief allege that Defendant, THE WALT DISNEY COMPANY produced, manufactured and distributed merchandise and entertainment depicting characters from its "Duffy and Friends" line, namely 'Olu or 'Olu Mel and that such actions constitute unlawful infringement of Plaintiffs' copyrights and constitute other wrongful acts, all as alleged herein.

7. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant, DISNEY ENTERPRISES, INC. is a Delaware corporation with its principal place of business at 500 South Buena Vista Street, Burbank, California, 91521, duly authorized to do business in this District. Plaintiffs are informed and believe and upon such information and belief allege that Defendant, DISNEY ENTERPRISES, INC. manufactured and distributed merchandise and entertainment depicting characters from its "Duffy and Friends" line, namely 'Olu or 'Olu Mel and that such actions constitute unlawful infringements of Plaintiffs' copyrights and constitute other wrongful acts, all as alleged herein.

8. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by these fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by those Defendants.

9. Plaintiffs are informed and believe and thereon allege that at all times material to this complaint, each of the Defendants, and each of the Defendants fictitiously named in this complaint, in addition to acting for himself, herself, or itself and on his, her, or its own behalf individually, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent and permission of, and in conspiracy with, each and all of the Defendants and with the course, scope and authority of that agency, service, employment, representation, and conspiracy. Plaintiffs further allege on information and belief that the acts of each of the Defendants were fully ratified by each and all of the Defendants. Specifically, and without limitation, Plaintiffs allege on information and belief that the actions, failures to act, breaches, conspiracy, and misrepresentations alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the Defendants. Any reference to the named

defendants herein shall also constitute a reference to DOES 1 through 10.

## FACTUAL BACKGROUND

**Plaintiffs' Business and Intellectual Property**

10. Enos has been creating family entertainment for over 20 years. In 2011, he formed the Hawaiian entity, Johnson Entertainment, LLC, which is the owner of numerous federal and international trademark and copyright registrations at the heart of his branded entertainment enterprises and at controversy herein. Throughout his career, Enos has also worked as an associate and consultant for other entertainment companies, including Defendants, The Walt Disney Company and Disney Enterprises, Inc. (collectively "Disney").

11. In or around 2006, Enos created "Honu By The Sea," a series of musical compositions and animated characters embracing the culture and locality of Hawaii. The overarching theme of Honu By The Sea is caring for and preserving marine life and the ocean. The main character is "Honu," a green and yellow sea turtle with blue eyes who plays the ukulele. An iteration of the Honu character artwork created by Enos is attached hereto as Exhibit "1".

12. Due to its popularity, especially in Hawaii and overseas, Enos expanded Honu By The Sea to include live theatrical performances, books, and a musical collection entitled "Mele Series." There is also an entire cast of characters featured in the line which have been the subject of merchandise such as apparel and musical instruments. The stage production has

been performed in Hawaii, Australia, California, Tokyo among other locations.

**Defendants' Unlawful Conduct**

13.   Enos previously worked as an independent contractor for Disney in the capacity of a songwriter and producer. In 2008, Enos met with Disney employees Shelby Jiggets and Marilyn Magness at the offices of Walt Disney Imagineering in Glendale, California. Enos discussed Honu By The Sea with Jiggets and Magness during a lunch meeting to see if there was any interest in working together on Honu By The Sea future endeavors. Plaintiffs are informed and believe and thereon allege that Disney creative executives including Magness attended live theatrical performances of Honu By The Sea in 2012 in Waikiki, Hawaii and in 2015 at the Hawaii Theater in downtown Honolulu, Hawaii.

14.   Plaintiffs are informed and believe and thereon allege that in or around 2018, Disney unveiled its "Friends of Duffy" characters and entertainment at its Aulani Resort which it owns and operates in Ko Olina, Hawaii. One of these characters, 'Olu, happens to be a sea turtle with strikingly similar features to Plaintiff's Honu. Like Honu, 'Olu has bright blue eyes, similar spotting on the hands and feet, and plays the ukulele.

15.   What's more, the two characters have phonetically similar names and Disney even subsequently changed its character's name to "'Olu **Mel**" which blatantly copies Plaintiffs' Honu "**Mele** series" in which its Honu character performs a collection of songs with his ukulele. An example of Disney's 'Olu Mel artwork is attached hereto as Exhibit "2". Disney continues

to exploit the Olu Mel character by, among other things, offering public performances and selling merchandise.

16. Plaintiffs are informed and believe and thereon allege that Disney has further infringed on and interfered with Plaintiffs' intellectual property overseas by licensing the use of the Olu/Olu Mel character to the Oriental Land Company, Ltd. ("OLC"), which owns and operates the Tokyo Disney Resort in Japan. OLC has and continues to use Disney's infringing works to sell merchandise and perform live shows in a region where Plaintiffs not only established use of Honu By The Sea, but also expended significant efforts to promote Honu By The Sea commercially.

### FIRST CLAIM FOR RELIEF

(COPYRIGHT INFRINGEMENT)

17. Plaintiffs incorporate by this reference all prior paragraphs as if set forth in full in this cause of action.

18. Honu By The Sea and the Honu character are original works of authorship fixed in a tangible means of expression that constitute graphic works pursuant to 17 U.S.C. § 102(a) and that is subject to copyright protection under the Copyright Act, 17 U.S.C. §§ 101 et seq.

19. Defendants had access to Plaintiffs' work as described herein. By producing and distributing works depicting the Duffy and Friends character 'Olu/'Olu Mel, Defendants have unlawfully copied Honu as a composition and its protectable elements without Plaintiffs' authorization or consent.

20. Defendants' conduct constituted, and continues to constitute, infringement upon Johnson's exclusive rights to

reproduce, copy, create derivative works based upon, and distribute Honu, all in violation of 17 U.S.C. §§ 106 and 501.

21. Defendants' infringement was, and continues to be willful and in blatant disregard of Plaintiffs' rights.

22. Defendants' infringing conduct has caused Plaintiffs to suffer damages and harm, including but not limited to lost derivative market exploitation opportunity, lost revenues and profits and other damages, including attorneys' fees, in an amount according to proof at trial, but not less than the jurisdictional limit of this court. Plaintiffs will seek leave of court to amend this Complaint to state the exact amount of its damages when the same has been ascertained.

## SECOND CLAIM FOR RELIEF

(Unfair Competition/Unfair Business Practices)

(California Business and Professions Code § 17200 *et seq.*)

23. Plaintiffs incorporate by this reference all prior paragraphs as if set forth in full in this cause of action.

24. Defendants, by means of conduct above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and/or deceptive business practices within the meaning of California Business and Professions Code § 17200 et seq.

25. Plaintiffs are informed and believe and thereon alleges that Defendants' actions were willful, oppressive, and without regard to Plaintiff's legal and proprietary rights.

26. Defendants' unlawful and unfair business acts and practices are a direct and proximate cause of injury to Plaintiffs, including loss of customers, dilution of good will, injury to reputation, and diminution in the value of its intellectual property.

AARONSON & AARONSON
16133 Ventura Boulevard, Suite 675
Encino, California 91436

27. Pursuant to California Business & Professions Code § 17203, Plaintiffs seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint.

28. Plaintiffs additionally request on order from this Court requiring that Defendants disgorge profits and pay to Plaintiff all of Defendants ill-gotten gains obtained from the unlawful acts.

### THIRD CLAIM FOR RELIEF

(Unfair Competition under the Lanham Act (15 U.S.C. § 1125))

29. Plaintiffs incorporate by this reference all prior paragraphs as if set forth in full in this cause of action.

30. Section 43(a) of the Lanham Act prohibits commercial activities that tend to mislead the consuming public, including but not limited to false or misleading descriptions or representations of fact concerning the origin, sponsorship, or approval of services or commercial activities or misrepresentation of their nature, characteristics, qualities or geographic origins.

31. Disney has violated the Lanham Act by engaging in a pattern of commercial behavior designed to mislead the consuming public as they relate to the Olu/Olu Mel character including using a similar name, design and overall appearance as Plaintiff's Honu By The Sea products and services.

32. Disney's misleading conduct has actually deceived and has the tendency to substantially deceive the public in that it is likely to influence the economic decisions by Johnson's

existing and potential customers and business relations. Disney has thus caused and continues to cause Plaintiffs significant reputational harm and damage to its business interests, including lost sales, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

(Declaratory Relief)

33. An actual controversy has arisen and now exists relating to the rights and duties of Plaintiff and Defendants under U.S. copyright laws in that Plaintiffs contend that Defendants' use, reproduction, marketing, sale and distribution of the 'Olu/'Olu Mel character infringe upon Plaintiffs' exclusive copyrights in Honu. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendants contend that their use, reproduction, marketing, sale and distribution of 'Olu/'Olu Mel are lawful and do not infringe any of Plaintiffs' rights.

34. A judicial declaration is necessary and appropriate at this time under the circumstances presented so that the parties may ascertain their respective rights.

35. Pursuant to the Declaratory Judgment Act, 28 U.S.C., Plaintiffs are entitled to a judicial determination of their rights and a judicial declaration that Defendants' use, reproduction, marketing, sale and distribution of 'Olu/'Olu Mel infringe upon Plaintiffs' exclusive rights in Honu in violation of the U.S. copyright laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For damages according to proof at trial;

2. For a preliminary and permanent injunction order enjoining and restraining Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from
   a. Directly or indirectly infringing or authorizing infringement of any of Plaintiffs' copyrights in Honu By The Sea or the Honu character;
   b. Directly or indirectly engaging in any conduct that tends or is likely to confuse, mislead, or deceive purchasers, customers, and/or members of the public to believe that Defendants and/or their goods are connected with Plaintiffs, are sponsored, approved, or licensed by Plaintiffs, or are in some way connected or affiliated with Plaintiffs;
   c. Engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade.
3. For a judgment ordering Defendants pursuant to 15 U.S.C. § 1116(a) and/or 17 U.S.C. § 502 to file with this Court and serve upon Plaintiffs within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue using the infringing intellectual property and/or unfair business practices;
4. For recoverable costs and attorney's fees pursuant to 17 U.S.C. § 505;

5. For prejudgment interest on all amounts for which Defendants may be liable to Plaintiffs, in an amount to be determined at trial;

6. For a judicial declaration that Defendants' use, reproduction, marketing, sale and distribution of 'Olu/'Olu Mel infringe on Plaintiffs' exclusive rights in Honu under copyright laws;

7. For such other and further relief the Court deems just and proper.

DATED:                          AARONSON & AARONSON

                                By: */s/ Arthur Aaronson*
                                ARTHUR AARONSON
                                Attorneys for Plaintiffs JOHN
                                WILLIAM KAIPO ENOS and JOHNSON
                                ENTERTAINMENT, LLC

**DEMAND FOR JURY TRIAL**

Plaintiffs John William Kaipo Enos and Johnson Entertainment, LLC hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b) and Civil Local Rule 38-1.

DATED:                                   AARONSON & AARONSON

By: */s/ Arthur Aaronson*
ARTHUR AARONSON
Attorneys for Plaintiffs JOHN WILLIAM KAIPO ENOS and JOHNSON ENTERTAINMENT, LLC

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF