# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| John William Kaipo Enos, et al., <br> Plaintiffs, <br><br> v. <br><br> The Walt Disney Company, et al., <br> Defendants. | 2:23-cv-05790-DSF-MRW <br><br> ORDER DENYING MOTION TO DISMISS <br><br> (Dkt. 21) |

Defendants the Walt Disney Company and Disney Enterprises, Inc. (collectively, "Disney") move to dismiss Plaintiffs' John William Kaipo Enos and Johnson Entertainment, LLC's (collectively "Enos") First Amended Complaint. Dkt. 21 (Mot.). Plaintiffs oppose. Dkt. 26 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, Disney's motion is DENIED.

## I. Factual Background

In or around 2006 Enos created a series of musical compositions called "Honu by the Sea."[1] FAC ¶11. He has written approximately 38 songs as part of the catalogue. Id.

The main character of the catalogue is "Honu," a Hawaiian sea turtle with blue eyes who plays the ukulele. FAC ¶11. Enos owns the relevant copyrights and trademarks in Honu through Johnson

---

[1] The capitalization of this title is inconsistent throughout the First Amended Complaint (FAC). The Court refers to it as it is referred to in the FAC.

Entertainment, LLC, which he formed in 2011.  FAC ¶14.  Enos expanded the Honu franchise to include live theatrical performances, books, and other products, including a collection of music and musical instruments entitled the "Mele Series."  FAC ¶12.  Stage productions have been performed in Hawaii, Australia, California, Tokyo, and other locations.  Id.

Throughout his career, Enos has also worked as a consultant and independent contractor for Disney.  FAC ¶¶17, 18.  In 2008, Enos met with Disney employees at Walt Disney Imagineering in Glendale, California.  FAC ¶18.  Enos discussed Honu By The Sea with Disney to see if Disney had any interest in collaborating on Honu By The Sea.  Id.  Disney creative executives then attended live theatrical performances of Honu By The Sea in 2012 in Waikiki, Hawaii and in 2015 at the Hawaii Theater in downtown Honolulu.  Id.

In or around 2018, Disney unveiled its "Friends of Duffy" characters at its Aulani Resort in Ko Olina, Hawaii.  FAC ¶19.  One character, 'Olu Mel, is a turtle who also has blue eyes and plays the ukelele.  Id.  Olu has been mistakenly referred to as "Honu" in widespread publications.  FAC ¶20.

In this action for copyright and unfair competition, Enos alleges that Disney has illegally copied Honu in creating its Olu character.

## II. Legal Standard

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Produce Pay, Inc. v. Izguerra Produce, Inc., 39 F.4th 1158, 1161 (9th Cir. 2022); and the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

### A.    Copyright Infringement

To state a claim for copyright infringement, Enos must plausibly allege: (1) that he owns a valid copyright in the Honu character, and (2) that Disney copied protected aspects of his original expression. Rentmeester v. Nike, Inc., 883 F.3d 1111, 1116–17 (9th Cir. 2018), overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin, 952 F.3d 1051 (9th Cir. 2020) (citing Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361 (1991)).

### 1.    Enos Plausibly Alleges a Valid Copyright in Honu

"Although characters are not an enumerated copyrightable subject matter under the Copyright Act . . . there is a long history of extending copyright protection to graphically-depicted characters." Daniels v. Walt Disney Co., 958 F.3d 767, 771 (9th Cir. 2020) (citing Olson v. Nat'l Broad. Co., 855 F.2d 1446, 1452 (9th Cir. 1988)).

"A character is entitled to copyright protection if (1) the character has 'physical as well as conceptual qualities,' (2) the character is 'sufficiently delineated to be recognizable as the same character whenever it appears' and 'displays consistent, identifiable character traits and attributes,' and (3) the character is 'especially distinctive' and 'contains some unique elements of expression.'" Daniels, 958 F.3d at 771 (quoting DC Comics v. Towle, 802 F.3d 1012, 1021 (9th Cir. 2015)).

Disney argues that Honu is not sufficiently delineated to be recognizable as the same character wherever he appears.  Mot. 12–13. To be copyrightable, a character "must display consistent, identifiable character traits and attributes, although the character need not have a consistent appearance." Towle, 802 F.3d at 1021 (9th Cir. 2015) (citing Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1224 (9th Cir. 2008)).  For example, the Ninth Circuit reasoned that the Batmobile was "sufficiently delineated" as "a highly-interactive vehicle, equipped with high-tech gadgets and weaponry used to aid Batman in fighting crime[.]" Towle, 802 F.3d at 1021.  The Batmobile "is almost always bat-like in appearance . . . even though the precise nature of the bat-like characteristics have changed from time to time."  Id.

In the delineation analysis, courts must "carefully examine the graphic depiction of the characters and not the ideas underlying them." Daniels, 958 F.3d at 772.  In Daniels, the circuit concluded that characters that appeared "insect-like" in one portrayal, but "like small, loveable bears" in another were not visually delineated.  Id.  Moreover, where a character's traits and attributes are only "lightly sketched" and

4

the character has "a completely different name" in each iteration the character is also not sufficiently delineated.  Id. at 772–3.

Honu, however, is sufficiently delineated.  He is a "stylized bright green and yellow Hawaiian sea turtle with blue eyes who plays the ukulele[.]"  FAC ¶ 11.  Exhibits 1–3 reveal that Honu has a consistent appearance and name across iterations. Dkt 18-1 (Exs.) 1–7.

In Exhibit 1, one can see Honu's graphic characteristics. He has bright blue eyes, long eyelashes, nostrils, and spots on his flippers.  He is depicted here, as elsewhere, as having a musical trait.  This is expressed through his affiliation with the ukelele:



Ex. 1

5



**Honu Mele**

Ex. 1

Honu's appearance naturally changes in live performance portrayals. Ex. 2. A vibrant bubbly cartoon is turned into a costume worn by an actor. Nonetheless, Honu is recognizable from his blue eyes, eye lashes, nostrils and spotting:



Ex. 2

Additionally, Honu's musical proclivities are expressed by his affiliation with ukelele merchandise, and the repeated expression of him holding the instrument.

6



Ex. 3.

Although "the precise nature" of Honu's appearance changes across iterations, he retains "consistent, identifiable character traits and attributes," such as his visual characteristics and musicality. Towle, 802 F.3d at 1021. One would not mistake a turtle in the wild for Honu, nor is Honu mistakable for "Crush," the sea turtle character in the Disney film *Finding Nemo*.

Disney argues that even if Honu is sufficiently delineated, he is not "especially distinctive" as required under Towle. Mot. at 13–14 (citing Towle, 802 F.3d at 1021).

"[O]n the spectrum of character copyrightability, the category of cartoon characters often is cited as the paradigm of distinctiveness." Warner Bros. Ent. v. X One X Prods., 644 F.3d 584, 600 (8th Cir. 2011) (citing Warner Bros., Inc. v. Am. Broad. Cos., 720 F.2d 231, 240 (2d Cir. 1983)). Stock characters are not copyrightable. See Cavalier, 297 F.3d at 825 (holding that a "moon character" cannot be copyrighted because it is a stock character in children's literature). But once a stock character is given enough distinctive qualities it becomes copyrightable. See Gaiman v. McFarlane, 360 F.3d 644, 661 (7th Cir. 2004) ("[a] stock character, once he was drawn and named and given

speech [in a comic book series] . . . became sufficiently distinctive to be copyrightable."). "[O]ther authors can use the stock character out of which [a copyrightable character] may have been built without fear" of copyright infringement. Gaiman, 360 F.3d at 660. But the expression of the character is protected.

"Nature gives us ideas of animals in their natural surroundings . . . . These ideas, first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them. An artist may, however, protect the original expression he or she contributes to these ideas." Satava v. Lowry, 323 F.3d 805, 813 (9th Cir. 2003). Original protectable elements include "the pose, attitude, gesture, muscle structure, facial expression, coat, or texture of [the] animal" in a graphic work. Id.

Honu's playful anthropomorphized face is original expression added to the natural stock elements that derive from the anatomy of a turtle, such as "the shape of a turtle's shell and color of its skin[.]" Bliss Collection, LLC v. Latham Companies, LLC, No. 5:20-CV-217-CHB, 2021 WL 5413796, at *5 (E.D. Ky. Mar. 16, 2021), on reconsideration, No. 5:20-CV-217-CHB, 2021 WL 2651811 (E.D. Ky. June 28, 2021), rev'd, 82 F.4th 499 (6th Cir. 2023), and aff'd, 82 F.4th 499 (6th Cir. 2023). Although Disney asserts that there are turtles with blue eyes, the Court finds it plausible that Honu's irises are Enos's original expression, and not derived from the natural stock elements of a turtle. Additionally, Honu's musicality is a character trait that does not derive from ideas of turtles "in their natural surroundings." Satava, 323 F.3d at 813. Honu's musicality along with his facial structure are unique elements of original authorship that make Honu distinct from stock turtles. The Court finds that Honu satisfies all three elements of the Towle test and is a copyrightable character.

### 2. Enos Plausibly Alleges that Disney Copied Protected Aspects of his Original Expression

"[T]he second element [of a copyright claim] has two distinct components: 'copying' and 'unlawful appropriation.'" Rentmeester, 883

F.3d at 1117 (quoting Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp., 562 F.2d 1157, 1164–65 (9th Cir. 1977)).

"Proof of copying by the defendant is necessary because independent creation is a complete defense to copyright infringement." Rentmeester, 883 F.3d at 1117.  "Proof of unlawful appropriation—that is, illicit copying—is necessary because copyright law does not forbid all copying.  The Copyright Act provides that copyright protection does not 'extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in [the copyrighted] work.'"  Id. (quoting 17 U.S.C. § 102(b)). "Thus, a defendant incurs no liability if he copies only the 'ideas' or 'concepts' used in the plaintiff's work.  To infringe, the defendant must also copy enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'"  Rentmeester, 883 F.3d at 1117 (citing Mattel, Inc. v. MGA Entertainment, Inc., 616 F.3d 904, 913–14 (9th Cir. 2010).

"[D]etermining whether works are substantially similar involves a two-part analysis consisting of the 'extrinsic test' and the 'intrinsic test.'  The extrinsic test assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression."  Rentmeester, 883 F.3d at 1118 (quoting Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002)).  "Before that comparison can be made, the court must 'filter out' the unprotectable elements of the plaintiff's work—primarily ideas and concepts, material in the public domain, and scènes à faire (stock or standard features that are commonly associated with the treatment of a given subject)." Id.  "Only the extrinsic test's application may be decided by the court as a matter of law, so that is the only test relevant . . . on a motion to dismiss."  Id. (citing McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 319 (9th Cir. 1987)) (internal citations omitted).

Disney argues that Honu and Olu are not substantially similar, but the "Ninth Circuit has cautioned that 'summary judgment is not highly favored on questions of substantial similarity in copyright cases.' A fortiori, this same limitation applies to a motion to dismiss."  Minx

Int'l, Inc. v. Around the World Apparel, Inc., No. LA CV15-08636-JAK-JPRX, 2016 WL 7496745, at *2 (C.D. Cal. July 29, 2016) (citing L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 848 (9th Cir. 2012), as amended on denial of reh'g and reh'g en banc (June 13, 2012)) (internal citation omitted).

Disney cites to Esplanade Prods., Inc. v. Walt Disney Co., No. CV-1702185-MWF-JCX, 2017 WL 5635027, at *11 (C.D. Cal. Nov. 8, 2017), aff'd, 768 F. App'x 732 (9th Cir. 2019), to argue that "[t]he differences between the character designs [of Honu and Olu] outnumber the similarities." Esplanade concerned a copyright claim against Disney for allegedly creating the film *Zootopia* by copying from the plaintiff's synopsis and treatment shared with Disney. The court found that almost none of the allegedly infringing characters were actually patterned on the same animal. Id. The similarities that did exist "boil[ed] down to the fact that both ensembles consist of anthropomorphic animals whose attributes flow to some extent from their physical form." Id. at *12.

Disney argues that Olu's differences outnumber his similarities with Honu, as Olu is a land turtle. Olu has limbs "similar to those of a land turtle, with digits and nails in a darker shade of green." Mot. at 9. Olu's eyes, spotting, nose, face shape, shell, and animation style are all different from Honu's. Mot. at 9–10.


Ex. 4.

"However, it is entirely immaterial that in many respects plaintiff's and defendant's works are dissimilar if in other respects

similarity as to a substantial element of plaintiff's work can be shown."
Warner Bros., 720 F.2d at 241.

The Court must filter out the stock elements used in the two characters and compare what is left.  The two original elements of Honu's character, his blue eyes and musicality, are not stock.  These protected elements of original expression are present in Olu.  Olu, like Honu, has unnatural blue irises and is frequently depicted playing a ukelele. Disney argues that blue eyes are an idea that cannot be protected, and that playing a ukelele comes from a shared unprotectable association with Hawaii.  Reply 8–10.  Of course, blue eyes cannot be copyrighted, nor can association with Hawaii.  But Disney's approach of isolating each individual element of a copyrighted graphic character and arguing it cannot be copyrighted has been rejected.  See Warner Bros., 720 F.2d at 243. "That approach risks elimination of any copyright protection for a character, unless the allegedly infringing character looks and behaves exactly like the original.  A character is an aggregation of the particular talents and traits his creator selected for him.  That each one may be an idea does not diminish the expressive aspect of the combination."  Id.  None of Honu's individual traits are protected, but Honu the blue-eyed ukelele-playing turtle is.  Olu the blue-eyed ukelele-playing turtle is substantially similar.

The court finds that comparing Honu's protectable elements against the expressions of Olu alleged to be infringements, Enos has plausibly alleged that the works are substantially similar.  Disney's motion to dismiss the First Claim is DENIED.

## B.    Unfair Competition

Enos's Second Claim is for unfair competition due to reverse confusion under the Lanham Act.  FAC ¶25.  "The Lanham Act provides a cause of action for the owner of a registered trademark against any person who, without consent of the owner, uses the trademark in commerce in connection with the sale or advertising of goods or services, when such use is likely to cause confusion."

Marketquest Grp., Inc. v. BIC Corp., 862 F.3d 927, 932 (9th Cir. 2017). The analysis under the trademark infringement and unfair competition sections of the act is often identical except "[w]hereas section 32 [trademark] provides protection only to registered marks, section 43(a) [unfair competition] protects against infringement of unregistered marks and trade dress as well as registered marks[.]" Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp., 174 F.3d 1036, 1047 n. 8 (9th Cir. 1999) (citing Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery, 150 F.3d 1042, 1046 (9th Cir.1998)).

"[R]everse confusion is not a separate claim that must be specifically pleaded, but instead is a theory of likely confusion that may be alleged by itself or in addition to forward confusion." Id. "[R]everse confusion occurs when a person who knows only of the well-known junior user comes into contact with the lesser-known senior user, and because of the similarity of the marks, mistakenly thinks that the senior user is the same as or is affiliated with the junior user." Ironhawk Techs., Inc. v. Dropbox, Inc., 2 F.4th 1150, 1160 (9th Cir. 2021) (citing Dreamwerks Prod. Grp., Inc. v. SKG Studio, 142 F.3d 1127, 1130 (9th Cir. 1998).

"To advance a reverse confusion theory, a plaintiff may allege that the defendant flooded the market with advertising, or that actual instances of reverse confusion occurred." Marketquest Grp., 862 F.3d at 932. Enos is the holder of a trademark in "Honu by the sea with stylized turtle design." FAC ¶14. Enos alleges that Disney's use of Olu "creates the implication that Plaintiffs' 'Honu by the Sea' goods and services were taken from Disney's later created similar goods and services, thus creating a false designation of origin, false or misleading description of fact, or false or misleading representation of fact." FAC ¶29. The exhibits to the First Amended Complaint reveal that both parties sell ukeleles with their respective characters on them. Compare Ex. 3 with Ex. 5.



Ex. 3



Ex. 5

The notion that Olu preceded Honu is allegedly "causing and will continue to cause actual consumer confusion and complaints and loss of sales and customers since Plaintiffs [sic] business partners and customers have already expressed that they will not be able to do business with Plaintiffs since the public will assume that Plaintiff is violating Disney's intellectual property rights rather than Disney violating Plaintiffs'."  FAC ¶32.

Disney concedes "that the image of a cartoon character and some indicia of that character can function as a trademark to identify the source of a work of entertainment." Mot. at 15 (citing Warner Bros., 720 F.2d at 246). To determine whether there is a likelihood of confusion, courts consider eight factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. Jason Scott Collection, Inc. v. Trendily Furniture, LLC, 68 F.4th 1203, 1218 (9th Cir. 2023), cert. denied, 144 S. Ct. 550 (2024) (citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348–49 (9th Cir. 1979), abrogated by Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792 (9th Cir. 2003).

Weighing the Sleekcraft factors is often done at summary judgment. Mintz v. Subaru of Am., Inc., No. 16-CV-03384-MMC, 2016 WL 5909360, at *1 (N.D. Cal. Oct. 11, 2016), aff'd, 716 F. App'x 618 (9th Cir. 2017) (citing Brookfield Commc'ns, Inc., 174 F.3d at 1053–54). Disney argues that, in this case, whether a likelihood of "confusion exists can be determined at the pleading stage and based on a consideration of less than all of the factors" because the parties "have obviously dissimilar marks." Mot. at 16 (citing Mintz, 2016 WL 5909360 at *1). It asserts that "[o]ther than both being turtles with an association with Hawaii, 'Olu Mel and Honu share almost no remarkable similarities." Mot. at 17. For the reasons previously stated, the Court disagrees.

Enos has alleged it has a registered trademark in the Honu character, that Disney is using a substantially similar character to sell goods and services, and that this use has caused consumer confusion. FAC ¶¶ 14, 29, 32. This is enough to state a viable claim under the Lanham Act. The motion to dismiss Enos's Second Claim is DENIED.

14

## IV. Conclusion

For the foregoing reasons, Disney's Motion to Dismiss is DENIED.


IT IS SO ORDERED.


Date: March 4, 2024

Dale S. Fischer
United States District Judge

15