LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
ALEXANDRA L. ANFUSO (SBN 333440)
  ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants The Walt Disney Company and Disney Enterprises, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM KAIPO ENOS, an individual and JOHNSON ENTERTAINMENT, LLC, a Native Hawaii limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-05790-DSF-AGRx<br><br>Hon. Dale S. Fischer<br><br>**REPLY IN SUPPORT OF DEFENDANTS THE WALT DISNEY COMPANY AND DISNEY ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    April 7, 2025<br>Time:    1:30 p.m.<br>Courtroom:  7D (First Street Courthouse)<br><br>Complaint Filed: July 18, 2023<br>SAC Filed: November 22, 2023<br>Trial Date: July 29, 2025 |

Mitchell Silberberg & Knupp LLP

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION & SUMMARY OF ARGUMENT ................................... 6

II. PLAINTIFFS' COPYRIGHT CLAIM FAILS ............................................... 7

   A. Plaintiffs Cannot Prove Infringement Of Ukulele Honu Or Of Honu As A Character ............................................................................ 7

   B. Plaintiffs Cannot Establish Access Or Striking Similarity ................... 9

   C. Plaintiffs Have Not Established Substantial Similarity ...................... 12

III. PLAINTIFFS' LANHAM ACT CLAIM FAILS .......................................... 13

   A. Plaintiffs Cannot Overcome The Strong Presumption Of Laches ...... 13

   B. Plaintiffs Have Not Established Prior Use Of A Protectable Mark .... 14

   C. Plaintiffs Do Not Show Likelihood of Confusion .............................. 16

IV. CONCLUSION ............................................................................................ 17

Mitchell Silberberg & Knupp LLP

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Apps v. Universal Music Grp., Inc.*,
 283 F. Supp. 3d 946 (D. Nev. 2017), *aff'd*, 763 F. App'x 599 (9th Cir. 2019) ............................................................................................................... 11

*Carmen v. S.F. Unified Sch. Dist.*,
 237 F.3d 1026 (9th Cir. 2001) ............................................................................. 16

*Cavalier v. Random House, Inc.*,
 297 F.3d 815 (9th Cir. 2002) ............................................................................... 12

*Cope v. Warner Recs., Inc.*,
 2023 WL 11827959 (C.D. Cal. June 5, 2023) .............................................. 10, 11

*Esplanade Prods., Inc. v. Walt Disney Co.*,
 2017 WL 5635027 (C.D. Cal. Nov. 8, 2017), *aff'd*, 768 F. App'x 732 (9th Cir. 2019) ............................................................................................ 12

*EZ Pedo, Inc. v. Mayclin Dental Studio, Inc.*,
 284 F. Supp. 3d 1065 (E.D. Cal. 2018), *aff'd,* 765 F. App'x 323 (9th Cir. 2019) ................................................................................................. 15

*Fastcap, LLC v. Harbor Freight Tools*,
 2008 WL 11336786 (C.D. Cal. Jan. 14, 2008) .................................................... 15

*Good Meat Project v. GOOD Meat, Inc.*,
 716 F. Supp. 3d 783 (N.D. Cal. 2024) ........................................................... 15, 17

*Harman Int'l Indus., Inc. v. Jem Accessories, Inc.*,
 668 F. Supp. 3d 1025 (C.D. Cal. 2023), *aff'd*, 2024 WL 4750497 (9th Cir. Nov. 12, 2024) ................................................................................. 13

*Inc. v. Lithera, Inc.*,
 998 F. Supp. 2d 890 (C.D. Cal. 2014) ................................................................. 15

*Johannsongs-Publ'g Ltd. v. Lovland*,
 2020 WL 2315805 (C.D. Cal. Apr. 3, 2020), *aff'd,* 2021 WL 5564626 (9th Cir. Nov. 29, 2021) ....................................................................... 13

*Kouf v. Walt Disney Pictures & Television*,
 16 F.3d 1042 (9th Cir. 1994) ............................................................................... 12

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Loomis v. Cornish*,
   836 F.3d 991 (9th Cir. 2016) .................................................................................. 10

*Nelson v. Pima Cmty. Coll.*,
   83 F.3d 1075 (9th Cir. 1996) .................................................................................. 10

*Nguyen v. McHugh*,
   65 F. Supp. 3d 873 (N.D. Cal. 2014), *aff'd sub nom. Huyen Nguyen v. Esper*, 722 F. App'x 688 (9th Cir. 2018) .......................................... 16

*Orgain, Inc. v. N. Innovations Holding Corp.*,
   2021 WL 1321653 (C.D. Cal. Mar. 22, 2021) ....................................................... 15

*Panton v. Strong*,
   2018 WL 5099666 (C.D. Cal. Mar. 14, 2018) ....................................................... 10

*Phillies v. Harrison/Erickson*,
   2021 WL 5936523 (S.D.N.Y. Aug. 10, 2021) ......................................................... 8

*Pringle v. Adams*,
   2012 WL 1103939 (C.D. Cal. Mar. 30, 2012), *aff'd,* 556 F. App'x 586 (9th Cir. 2014) ............................................................................................. 8

*Sid & Marty Krofft Tele. Prods., Inc. v. McDonald's Corp.*,
   562 F.2d 1157 (9th Cir. 1977) ................................................................................ 12

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ................................................................................ 13

*Stabile v. Paul Smith Ltd.*,
   137 F. Supp. 3d 1173 (C.D. Cal. 2015) .................................................................. 12

*Stone v. Carey*,
   No. 2:23-cv-09216-MRA, Dkt. 85 (C.D. Cal. March 19, 2025) ........................... 13

*Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*,
   465 F.3d 1102 (9th Cir. 2006) ................................................................................ 14

*Toho Co. v. Sears, Roebuck & Co.*,
   645 F.2d 788 (9th Cir. 1981) .................................................................................. 14

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Wilson v. Walt Disney Co.*,
   123 F. Supp. 3d 1172 (N.D. Cal. 2015) .............................................................. 9

**STATUTES**

15 U.S.C.
   § 1114 ................................................................................................................ 15
   § 1125(a) ........................................................................................................... 14
   § 1125(a) ........................................................................................................... 15

**OTHER AUTHORITIES**

Compendium of U.S. Copyright Office Practices
   § 313.4(H) ........................................................................................................... 8

## I. INTRODUCTION & SUMMARY OF ARGUMENT

Plaintiffs have not met their burden to provide evidence of any disputed material facts. Instead, they deploy overblown rhetoric and a smokescreen of irrelevant facts and arguments, but the evidentiary record is clear: Plaintiffs' claims fail as a matter of law. Cutting through the dissimulation, Plaintiffs have failed to present genuine factual disputes on the key issues that bar their copyright claim: (1) Plaintiffs cannot premise any claim on Ukulele Honu, or Honu as a character, (2) Plaintiffs cannot establish a chain of events, widespread dissemination, or striking similarity, and (3) 'Olu Mel is not substantially similar to Standing Honu or the Honu Mascot.[1] Plaintiffs also presented no evidence to contradict that (1) laches bars Plaintiffs' trademark claims, (2) Plaintiffs cannot establish prior use of a protectable mark, and (3) Plaintiffs have no evidence that consumers were or are likely to be confused about Honu or 'Olu Mel. Any of these defects alone bars Plaintiffs' copyright and trademark claims.

Rather than address these determinative issues head on, Plaintiffs seek to distract from them by emphasizing points that are irrelevant to the merits. To begin, Plaintiffs lead with their chin by arguing "[n]othing has changed since this Court denied Disney's Motion to Dismiss[.]" Opp. at 7. Not true. Discovery uncovered numerous significant and undisputed facts fatal to Plaintiffs' claims.

*First,* the evidence shows Defendants designed a blue-eyed, ***ukulele-playing*** turtle character ***before*** Plaintiffs sketched Honu with a ukulele. Indeed, Disney announced their turtle ***before*** Plaintiffs publicly launched Ukulele Honu (which was the Honu the Court considered in connection with Defendants' Motion to Dismiss). If the concept of a turtle playing a ukulele were protectable (it is not), Disney was the first to use it. Indeed, any infringement assessment must be based on Honu as he actually first appeared: a standing, blue-eyed turtle with *no* ukulele.

*Second,* Plaintiffs misleadingly alleged (and argued in opposing Disney's

---

[1] Defined terms have the same meaning as in Defendants' moving brief.

6

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Mitchell Silberberg & Knupp LLP

1  Motion to Dismiss) that "Honu" is the "main character" of the *Honu by the Sea*
2  Show (Doc. 18, ¶ 11). The evidence adduced in discovery shows that is false.
3  Honu has no substantive role in the Show, is not listed in the cast as a character in
4  the Show, and, prior to 'Olu Mel's development, had no delineated character traits.

*Third,* discovery has shown that Enos' scattered connections to Disney over the years had little to nothing to do with Honu, and none of Enos' connections at Disney were involved in or tie back to the creation of 'Olu Mel.

*Fourth,* the facts unequivocally show Plaintiffs knew of Defendants' turtle character in July 2018, but sat idle for nearly five years, after the limitations period for their Lanham Act claim had lapsed. And while Plaintiffs claim rights in a wide variety of words and images, they have no evidence of prior use of those words or images in a source-designating manner, which is fatal to their Lanham Act claim.

Ultimately, Plaintiffs manufactured disputes are misguided, either because they are not supported by evidence, not genuine, or utterly immaterial. What actually matters is whether Plaintiffs were able to present evidence that would raise a genuine issue of disputed material fact as to the necessary elements of their claims. They did not. Defendants' motion should be granted.

## II.  PLAINTIFFS' COPYRIGHT CLAIM FAILS

### A.  <u>Plaintiffs Cannot Prove Infringement Of Ukulele Honu Or Of Honu As A Character</u>

From the start, Plaintiffs described their purported Honu character as "a green and yellow sea turtle with blue eyes who plays the ukulele." Doc. 1 at ¶ 11. In ruling on Disney's Motion to Dismiss, the Court held Plaintiffs had adequately alleged a claim based on its assessment of "Honu the blue-eyed ukulele-playing turtle" – *i.e.*, Ukulele Honu. Doc. 34 at 11. Now that discovery has been completed, Plaintiffs have not—and cannot—genuinely dispute that Disney designed a blue-eyed, ukulele-playing turtle character *before* Plaintiffs created theirs. SUF 77, 36-37. Therefore, as a matter of law, Plaintiffs' copyright

Mitchell Silberberg & Knupp LLP

7

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

infringement claim cannot be premised on Ukulele Honu. Mot. at 20-21. Instead, Plaintiffs' infringement claim must be evaluated based on Honu *as it existed prior to the design of 'Olu Mel,* in at latest, August 2016 (SUF 77, 80, 81).[2]

While Plaintiffs may have a protectable copyright interest in some specific artistic depiction of Honu that existed before 'Olu Mel, Plaintiffs cannot base their copyright claim on Honu *as a character*, beyond what was fixed in a tangible medium. Plaintiffs concede that, under the *Towle* test, a copyrightable character must have "physical as well as conceptual qualities," be "sufficiently delineated," and "be especially distinctive and contain some unique elements of expression." Opp. at 20. Yet Plaintiffs do not identify a single conceptual quality of Honu as it existed prior to the creation of 'Olu Mel, or explain how any depiction was "especially distinctive" or "unique." Before 2017, Honu publicly existed only as an image of a green turtle with blue eyes (Standing Honu), and sometimes as a mascot at "meet and greets" for the Show (the Honu Mascot).[3] SUF 25-26, 29-32, 38, 110.

Just as in the cases cited by Defendants (which Plaintiffs do not distinguish), these simplistic depictions convey nothing about Honu's supposed personality or character traits, and Plaintiff point to no other expression of any traits prior to 2018. Mot. at 22. Plaintiffs also do not genuinely dispute that numerous blue-eyed turtle characters predate Honu, which belies any claim that those basic design elements are sufficiently unique to warrant protection as a character. SUF 149-151.

---

[2] The name change from 'Olu to 'Olu Mel is irrelevant to Plaintiffs' copyright claim, as "copyright law does not protect the name or the general idea for a character," but rather its artistic rendition. Compendium of U.S. Copyright Office Practices §313.4(H). Significantly, Plaintiffs do not identify any notable difference in the fundamental artistic rendition of 'Olu in 2018 and 'Olu Mel in 2020.

[3] Plaintiffs claim Honu appeared at Hello Kitty shows (Opp. at 19), but those shows were in 2018/2019, *after* Disney developed 'Olu Mel. SUF 217-220. And any protectable depiction must be registered and fixed in a tangible medium, which forecloses reliance on such appearances or unregistered works. *See Pringle v. Adams*, 2012 WL 1103939, at *4 (C.D. Cal. Mar. 30, 2012) (registered works were "only two works on which [Plaintiffs'] copyright suit can be based."), *aff'd,* 556 F. App'x 586 (9th Cir. 2014); *Phillies v. Harrison/Erickson*, 2021 WL 5936523, at *24 (S.D.N.Y. Aug. 10, 2021) (mascot performances did "not delineate a character of sufficient unique expression to warrant copyright protectability").

For these reasons, Plaintiffs needed to establish a disputed issue of material fact regarding infringement of Honu as originally depicted, i.e., a standing turtle, with blue eyes but no other distinguishing features. Plaintiffs failed to do so.

### B. Plaintiffs Cannot Establish Access Or Striking Similarity

To survive summary judgment, Plaintiffs needed to present "'significant, affirmative and probative' evidence" of access. Mot. at 23. They have not done so.

**Chain of Events**. Plaintiffs claim, without evidence, that multiple "high level" Disney employees were aware of or had the opportunity to view Honu, to support a "chain of events" access theory. Opp. at 24. While Plaintiffs claim Enos interacted with multiple Disney employees (or former Disney employees), there is no evidence those employees were involved with 'Olu Mel. Also, these interactions (i) did not relate to Honu or the Show (SUF 173-74, 178-179, 182-89), or, (ii) concerned the mere *idea* of the Show or Honu (SUF 175-77, 181), before either had premiered (SUF 190, 195), or, (iii) pertained to a version of the Show that had no character named Honu, nor Standing Honu in the Program or the Honu Mascot at a "meet and greet," or any other depiction of Honu (SUF 10, 24, 191-192, 195). Establishing access requires that a plaintiff shared something concrete, like a script or film, which embodies the actual copyrighted work at issue.[4] Here, Plaintiffs presented no evidence Enos shared an actual depiction of Honu with anyone involved in creating 'Olu Mel. Plaintiffs' random connections with persons uninvolved in 'Olu Mel's creation do not raise a genuine dispute as to access.

To forestall summary judgment, Plaintiffs must demonstrate that someone involved in creating 'Olu Mel had seen an image of Standing Honu or the Honu Mascot *prior* to creating 'Olu Mel. *See* Mot. at 23-25. The only Disney employee Plaintiffs claim *may* have been exposed to an actual depiction of Honu is Marilyn Magness, when she purportedly attended a Show in 2015 that included Honu in

---

[4] *Cf., e.g., Wilson v. Walt Disney Co.*, 123 F. Supp. 3d 1172, 1174 (N.D. Cal. 2015) (evidence that film was seen by Pixar employee that interacted "every few months" with employee "heavily involved" in the creation of the allegedly infringing work).

9

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

programs or as a mascot. SUF 210. Magness, however, was acting in her personal capacity (SUF 64) at the time, meaning this interaction is *less* than the "bare corporate receipt" routinely found to be insufficient. Mot. at 24, n.6. Moreover, there is no evidence Magness was involved at all with 'Olu Mel.[5] SUF 84. Grasping at straws, Plaintiffs argue "Daniel Jue knows Marilyn Magness and has met her… ." SUF 263. Of course, this ignores what Jue actually said about Magness during his deposition (he "[knew] the name" but had "no idea" when they met). *Id.* More importantly, Plaintiffs have no evidence Jue and Magness had any interactions related to Honu or 'Olu Mel.[6] *See Panton v. Strong*, 2018 WL 5099666, at *3 (C.D. Cal. Mar. 14, 2018) (access requires "an overlap in subject matter between a plaintiff's dealings with the alleged intermediary and the intermediary's dealings with the creator of a defendant's work.").

Jue having possibly met Magness raises only a "bare possibility" of access based on "mere speculation." It does *not* establish the "reasonable possibility" required to overcome summary judgment. *Loomis*, 836 F.3d at 996.

**Widespread Dissemination.** Neither Standing Honu nor the Honu Mascot (i.e., all that existed prior to the creation of 'Olu Mel) were widely disseminated. Widespread dissemination requires that "a work's degree of commercial success or notoriety … be 'substantial.'" *Cope v. Warner Recs., Inc.*, 2023 WL 11827959, at *4 (C.D. Cal. June 5, 2023). Plaintiffs argue Standing Honu was in the Show's program, or the Honu Mascot appeared for "meet and greets" at a small number of

---

[5] Plaintiffs' reference to Bradley Grose is unavailing. Grose did not work at Disney when he worked with Enos, was subject to a non-disclosure agreement, and does not say he shared anything about Honu with anyone involved with 'Olu Mel. SUF 67-68. Plaintiffs speculation that a different employee *may* have attended a show in 2014 (SUF 199) does "not create a factual dispute for purposes of summary judgment[.]" *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

[6] Plaintiffs claim Defendants' authorities involved intermediaries "independent" of the accused copier. Opp. at 24. But "a plaintiff 'cannot create a triable issue of access merely by showing 'bare corporate receipt'… by an individual who shares a ***common employer*** with the alleged copier.'" *Loomis v. Cornish*, 836 F.3d 991, 996 (9th Cir. 2016) (access to employee of defendant insufficient). All Plaintiffs claim is access by Magness, who had the same employer (Disney) as Olu Mel's creators.

10

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Mitchell Silberberg & Knupp LLP

Shows prior to 2017, but Plaintiffs submitted no evidence regarding audience attendance at those Shows. SUF 198-199, 203-210. They claim they advertised online and on social media (SUF 211-12), but present little evidence about those ads, if they included Honu, when they appeared, or number of viewers. *Cope*, 2023 WL 11827959, at *4 ("the mere availability of a work online is insufficient"). Plaintiffs identify one post on the YouTube page for the Hawaii Theater, but that post had only 1,300 views in ***nine years***. SUF 211. Plaintiffs argue they sent press releases to various outlets, but submit no evidence of actual publication of these press releases prior to 2018. SUF 54. That leaves a single *Variety* ad (SUF 200), which falls far short of the widespread dissemination standard.[7] *Apps v. Universal Music Grp., Inc.*, 283 F. Supp. 3d 946, 955 (D. Nev. 2017) (no widespread dissemination despite multiple performances, posts on YouTube and websites, limited promotion on television and in magazines, and distribution of 2,000 promotional CDs), *aff'd*, 763 F. App'x 599 (9th Cir. 2019). Thousands of sales have been held insufficient (Mot. at 26); here, Plaintiffs point to far less.

**Striking Similarity.** Plaintiffs do not seriously argue that 'Olu Mel is strikingly similar to Standing Honu or the Honu Mascot. Striking similarity is a "high bar"; it must be "virtually impossible that the two works could have been independently created." Mot. at 26. Plaintiffs cannot reach that bar. Plaintiffs do not dispute, *inter alia*, that (i) 'Olu Mel and Honu are different shades of green (SUF 120), (ii) 'Olu Mel's belly is "quite a different yellow" than Honu (SUF 123), (iii) 'Olu Mel and Honu have different shell colors (SUF 125) and color palettes (SUF 126); and (iiii) the eye shape of Honu is "absolutely not" the same as the eye shape of 'Olu Mel (SUF 148, 152-153).

It is also undisputed that many purportedly shared features of 'Olu Mel and Honu – green coloring, yellow bellies, spotting – are found in nature (SUF 118,

---

[7] Enos points to ads, press statements, or shows from 2017 or later (SUF 202, 215-220), but access must occur ***before*** the design of 'Olu Mel, which was finalized by August 2016, and depicted in many different poses by January 2017. SUF 80-81.

121, 127; Mot. at 27), or that blue eyes are a common trait of animated characters in children's entertainment, including numerous pre-existing animated turtles. SUF 149-151, 158. If anything, these "ordinary and common" occurrences indicate "the probability of independent, coincidental production was great." Mot. at 27. Indeed, Plaintiffs' own expert conceded the possibility of independent creation.[8] SUF 171.

### C. Plaintiffs Have Not Established Substantial Similarity

Absence of access alone defeats Plaintiffs' copyright claim. Nor have Plaintiffs raised a genuine dispute as to substantial similarity. They rely on the "ordinary observer" test (*i.e.*, the intrinsic test),[9] but in the Ninth Circuit, "[f]or summary judgment, only the extrinsic test" – using objective criteria, filtering unprotectable elements (Mot. at 31) – "is important." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). Plaintiffs do not apply this test. They do not specify similarities, much less "filter out and disregard the non-protectible elements[.]" *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002); SUF 168. Anthropomorphic characters will look similar insofar as they are intended to be cartoon versions of real animals. Any similarities arising out of that shared physiognomy must be disregarded. It is undisputed many features of 'Olu Mel or Honu – *e.g.*, green coloring, spots, or even blue eyes – are common elements found in nature or pre-existing cartoon turtles, and thus unprotectable. *See Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635027, at *12 (C.D. Cal. Nov. 8, 2017) (elements "flowing from the very idea of anthropomorphizing animals" not protectable)*, aff'd*, 768 F. App'x 732 (9th Cir. 2019).

Plaintiffs also do not specify what particular "selection and arrangement of unprotectable elements" that existed before 'Olu Mel they believe has been infringed (Mot. at 32-33), nor dispute that 'Olu Mel does not share the "same"

---

[8] Weiman's bare conclusions also do not create a disputed issue of fact. *Stabile v. Paul Smith Ltd.*, 137 F. Supp. 3d 1173, 1190 (C.D. Cal. 2015) (no dispute based on "[an expert] reciting the magic words 'strikingly similar'").

[9] *Sid & Marty Krofft Tele. Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1166 (9th Cir. 1977), concerned the intrinsic test, inapplicable on summary judgment.

combination of elements, given the numerous admitted differences in expression. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1075 (9th Cir. 2020). Plaintiff also do not dispute Honu is simply a cartoon turtle subject to only thin protection against "virtually identical copying" (Mot. at 33), or that 'Olu Mel is ***not*** "virtually identical" to Standing Honu or the Honu Mascot.

Plaintiffs' only other argument is that their expert creates a genuine dispute. Opp. at 27-28. An expert report alone does not *ipso facto* defeat summary judgment, particularly where, as here, there is no evidence ***any*** images Weiman analyzed existed before 'Olu Mel's creation. SUF 167, 170. Plaintiffs also concede Weiman did not filter out unprotectable expression (SUF 168-169), making his report "invalid under the extrinsic test" and "legally irrelevant." *Johannsongs-Publ'g Ltd. v. Lovland*, 2020 WL 2315805, at *6-7 (C.D. Cal. Apr. 3, 2020), *aff'd*, 2021 WL 5564626 (9th Cir. Nov. 29, 2021) (defense expert "unrebutted" where plaintiff's expert did not filter unprotectable elements); *accord Stone v. Carey*, No. 2:23-cv-09216-MRA, Dkt. 85 at 16-19 (C.D. Cal. March 19, 2025).

## III. PLAINTIFFS' LANHAM ACT CLAIM FAILS

### A. <u>Plaintiffs Cannot Overcome The Strong Presumption Of Laches</u>

Plaintiffs devote only two paragraphs to laches, a complete defense to their Lanham Act claims. Relying solely on the red herring that 'Olu Mel was initially named 'Olu, Plaintiffs argue "it is likely" no cause of action accrued until Spring 2020 when Disney began using the name 'Olu Mel. Opp. at 35. But "[l]aches runs 'from the time the plaintiff knew or should have known about its *potential* cause of action.'" *Harman Int'l Indus., Inc. v. Jem Accessories, Inc.*, 668 F. Supp. 3d 1025, 1037 (C.D. Cal. 2023), *aff'd*, 2024 WL 4750497 (9th Cir. Nov. 12, 2024). Enos admitted he was told in 2018 that Disney released a blue-eyed turtle character that "looked like just [*sic*] Honu." SUF 92. Even in 2018 Enos believed that the name 'Olu was an issue, because 'Olu was "just like Honu" and both are "Hawaiian names." *Id.* Plaintiffs still contend "the name 'Olu … is similar to Honu." Opp. at

31. And 'Olu Mel (by any name) was musical from the start. SUF 88. In other words, Plaintiffs admittedly knew of the fundamental bases of their Lanham Act claim – purportedly similar appearances and names – by, at latest, July 2018.

Plaintiffs also do not explain how the switch from 'Olu to 'Olu Mel meaningfully changed anything. Plaintiffs have no evidence they publicly referred to their turtle as "Honu Mele" (much less that they have trademark rights in that phrase), so it is unclear how the change resulted in any increased similarity.[10] *Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*, 465 F.3d 1102, 1110 (9th Cir. 2006) (laches applicable despite logo changes that "did not cause a material increase in consumer confusion"). Also irrelevant is the addition of an 'Olu Mel mascot, which was a natural extension of Disney's business, just as with any other Disney character. *Id.* ("growth of [defendant's] existing business and the concomitant increase in its use of the mark" does not preclude laches).

In short, there is no real dispute that Plaintiffs knew of their potential claim by at least 2018, five years before filing suit. Thus, a "strong presumption" in favor of laches applies. Plaintiffs have not attempted to justify their delay or dispute that Defendants suffered prejudice. Mot. at 36-37. Nor do Plaintiffs address the *E-Systems* factors (Mot. at 35-36), much less attempt to argue that their delay was reasonable under those factors, thereby conceding it was not.

### B. **Plaintiffs Have Not Established Prior Use Of A Protectable Mark**

Plaintiffs also mistakenly argue, without citation, that they "are not required to prove infringement of a registered trademark or even an unregistered trademark to prevail on a Lanham Act 43(a) claim." Opp. at 30. But, they are. The Lanham Act extends "to only two species of the generic tort of unfair competition: infringement of registered trademarks, and false designation of the origin of goods." *Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788, 792 (9th Cir. 1981).

---

[10] Even as to the longer phrase "the Honu Mele Series," Plaintiffs identify only a one actual use of that phrase prior to 2020 – in connection with the release of a single CD, with no evidence the CD was even sold to a single person. SUF 225.

"[F]alse designation of origin … requires proof of the same elements as a claim for trademark infringement … ." *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897 (C.D. Cal. 2014). And "to prevail on a claim of trademark infringement … a party 'must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.'" *Good Meat Project v. GOOD Meat, Inc.*, 716 F. Supp. 3d 783, 796–97 (N.D. Cal. 2024). Thus, to defeat summary judgment, Plaintiffs must identify *some* protectable interest in a trademark or trade dress, registered or not. *Fastcap, LLC v. Harbor Freight Tools*, 2008 WL 11336786, at *3 (C.D. Cal. Jan. 14, 2008) (while "Section 43(a) of the Lanham Act protects both registered and unregistered trademarks alike, it is nonetheless the plaintiff's burden to make a showing of the validity of its unregistered mark."). Other than the Registered Mark (which is presumed valid), Plaintiffs have not done so.

Plaintiffs do not argue they have a protectable right in the generic Hawaiian words "honu" or "mele," and cannot premise their Lanham Act claim on those words. *See Orgain, Inc. v. N. Innovations Holding Corp.*, 2021 WL 1321653, at *9 (C.D. Cal. Mar. 22, 2021) ("plaintiff asserting an unregistered mark … carries the burden of proving [it] is not generic."). They also have not demonstrated they used an image of Honu in a source designating manner prior to the debut of 'Olu Mel (Mot. at 38), other than *perhaps* the Registered Mark. SUF 193, 55. Nor have they articulated any protectable trade dress, much less proffered evidence that it is inherently distinctive or acquired secondary meaning. *See EZ Pedo, Inc. v. Mayclin Dental Studio, Inc.*, 284 F. Supp. 3d 1065, 1071 (E.D. Cal. 2018) (noting "strenuous burden to show the claimed trade dress serves the role of identifying the owner as a source"), *aff'd,* 765 F. App'x 323 (9th Cir. 2019). They also do not dispute that most of their registered trademarks are irrelevant, either because they are foreign or were not used until after 'Olu Mel was released. Mot. at 37.

Without evidence Plaintiffs have any protectable rights in and priority of use

of any word, phrase, or image (or combination thereof), it is simply irrelevant whether Disney used anything similar. Plaintiffs thus fail to raise a genuine dispute as to a fundamental element of its Lanham Act claim – ownership of a registered or unregistered trademark or trade dress, other than the Registered Mark.[11]

### C. **Plaintiffs Do Not Show Likelihood of Confusion**

Plaintiffs have not met their burden of establishing protectable rights in any trademark other than the Registered Mark; thus, any likelihood of confusion analysis must be limited to that Mark. Plaintiffs' cursory analysis, however, fails to identify what mark it is assessing, much less properly compare it to any mark used by Defendants. Plaintiffs' conclusory contentions regarding the *Sleekcraft* factors, untethered to any protectable mark and unsupported by a single citation to evidence, are insufficient to raise a genuine dispute. *Nguyen v. McHugh*, 65 F. Supp. 3d 873, 887 (N.D. Cal. 2014) (declining to consider "bare factual assertions and conclusory statements unsupported by specific evidence"), *aff'd sub nom. Huyen Nguyen v. Esper*, 722 F. App'x 688 (9th Cir. 2018); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (affirming summary judgment where plaintiff failed to identify parts of the record showing a genuine dispute).

Even if the Court were to consider Plaintiffs' unsupported contentions, they do not raise a genuine likelihood of confusion dispute. **First,** Plaintiffs have not shown the strength of any 'Olu Mel mark. While they accurately claim Defendants developed numerous 'Olu Mel products, they point to no evidence of what marks Defendants actually used in connection with those products, or the strength of those marks amongst consumers. **Second**, Plaintiffs do not assess the similarity of the marks, claiming only that it "has already been reviewed by the Court in denying the Motion to Dismiss." Opp. at 34. But that decision was not limited to

---

[11] Many of Plaintiffs' contentions fall on inspection. For example, Plaintiffs claim Disney "[p]romot[ed] World Ocean Day" (Opp. at 33), but point only to the ***personal*** LinkedIn page of a ***former*** Disney employee. Aaronson Decl., Ex. 23. Plaintiffs also emphasize an image of 'Olu Mel on a beach with a sea star (Opp. at 32), but provide no explanation of where this image came from. SUF 230.

the Registered Mark, as it must be (ECF 34), and Plaintiffs do not dispute there is no similarity between the Registered Mark – a composite mark without color that prominently features the phrase "Honu by the Sea" (SUF 193) – and any mark utilized by Disney. **Third**, Plaintiffs claim proximity of goods because "[b]oth are heavily promoted and marketed in Hawai'i." Opp. at 34. But this factor considers *types* of goods, not where they are marketed. **Fourth**, Plaintiffs claim (without evidence) all parties "marketed at theme parks and similar locations."[12] *Id.* Yet there is no evidence of any marketing or distribution at the *same* location; Plaintiffs do not dispute 'Olu Mel products are sold through Disney outlets (SUF 96), not anywhere Honu products are sold. **Fifth**, Plaintiffs claim their consumers are primarily children, but point to no evidence of this (or really any consumers at all for that matter). **Sixth**, as to actual confusion, Plaintiffs point to no evidence, survey or otherwise, of the only type of confusion that is relevant here, *i.e.*, anyone believing that Disney is the source of a Honu product.[13] Mot. at 42. Whether someone mistakenly believed that 'Olu Mel is a sea turtle is entirely irrelevant.[14] **Seventh**, Plaintiffs point to no evidence of *relevant* bad intent, *i.e.*, whether Defendants "flooded the market or … intentionally disregarded the risk of reverse confusion." *Good Meat Project*, 716 F. Supp. 3d at 803. **Eighth**, Plaintiffs do not address the expansion factor, conceding it weighs against confusion.

In sum, Plaintiffs have not carried their burden of establishing that ***any*** *Sleekcraft* factor weighs in favor of confusion, much less most of them.

## IV. CONCLUSION

For the reasons set forth herein and in Defendants' Motion, Plaintiffs' claims should be dismissed in their entirety.

---

[12] Plaintiffs identify no marketing of goods using the Registered Mark at any U.S. theme park, but rather just two ***performances*** at a park ***in Japan***. SUF 219-220.

[13] Enos references a photograph of a child holding an 'Olu Mel doll standing next to a cut-out of Honu (SUF 280), but with zero evidence anyone was confused.

[14] Regardless of what 'Olu Mel may have been called, he very clearly does not have the anatomical traits of a sea turtle because he does not have fins.

| | |
|---|---|
| DATED: March 21, 2025 | MITCHELL SILBERBERG & KNUPP LLP<br><br>By: /s/ Lucia E. Coyoca<br>    Lucia E. Coyoca<br>    Bradley J. Mullins<br>    Alexandra L. Anfuso<br>    Attorneys for Defendants<br>    The Walt Disney Company and<br>    Disney Enterprises, Inc. |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants The Walt Disney Company, and Disney Enterprises, Inc., certifies that this brief contains **12 pages**, which complies with this Court's Standing Order, Dkt. 12.

Dated: March 21, 2025            /s/ Lucia E. Coyoca
                                      Lucia Coyoca