UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM KAIPO ENOS, an individual, and JOHNSON ENTERTAINMENT, LLC, a Native Hawaii limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | No. 2:23-cv-05790-DSF-AGR<br><br>Order GRANTING Defendants The Walt Disney Company and Disney Enterprises, Inc.'s Motion for Summary Judgment (Dkt. 59) |

   Defendants The Walt Disney Company and Disney Enterprises, Inc. (collectively, Disney) move for summary judgment. Dkt. 59 (Mot.). Plaintiffs John William Kaipo Enos and Johnson Entertainment, LLC (collectively, Enos) oppose. Dkt. 62 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is GRANTED.

## I. Undisputed Facts

This case involves two blue-eyed ukulele-playing Hawaiian turtle characters. Enos claims copyright and trademark rights in one such turtle character named Honu, and alleges Disney illegally copied Honu in creating its own turtle character named 'Olu Mel.

Around 2006, Enos began writing songs that would eventually evolve into a live theatrical children's show entitled *Honu by the Sea*. Dkt. 69 (UMF) ¶ 3.[1] Premiering on July 4, 2012 at the Royal Hawaiian Hotel, *Honu by the Sea* tells the story of Kainoa, a Hawaiian surfer and beachboy, who finds a magical sea star that grants his wish to spend a day underwater. Id. ¶¶ 4-5. The show, which has environmental themes and encourages children to care for and protect the ocean, features female turtle characters named Malia and Lehua. Id. ¶¶ 6-7.

The first visual depiction of the character Honu was created in November 2013 by Hawaiian artist Michael Furuya, at Enos's request. Id. ¶ 24. In that initial version, Honu is depicted as a green sea turtle with blue eyes and prominent eyelashes, and he has a brown and yellow shell with a flower pattern on the back. Id. ¶ 25. And in that initial version, Honu is depicted in a standing position and his arms are outstretched (Standing Honu). See Dkt. 61-1 (Enos Depo Vol. I) at 170:8-11; Dkt. 61-9 (Exhibit 12 to Enos Depo Vol. I). Standing Honu made his public debut on June 5, 2014, when Enos used Honu's image on the program for a preview show of *Honu by the Sea.* Id. ¶ 27. In March 2015, Honu had his debut appearance as a mascot for *Honu by*

---

[1] Defendants' Reply Separate Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment (Dkt. 69) contains the positions of both parties as to the asserted undisputed facts. The Court relies on the facts both parties agree to. Where the parties disagree, the Court has noted for context what each party claims without adopting a position. To the extent certain facts are not mentioned, the Court has not relied on them in reaching its decision. The Court has independently considered the admissibility of the evidence and has not relied on facts that are irrelevant or are based on evidence that could not be presented in admissible form at trial.

*the Sea* (Mascot Honu). Id. ¶ 29. Appearing as a walk around character dressed in a Honu costume, Mascot Honu would greet audience members and take photographs with children before and after *Honu by the Sea* shows. Id. ¶ 32. The first depiction of Honu with a ukulele was in a sketch that Furuya sent to Enos on April 18, 2016 (Ukulele Honu). Id. ¶¶ 26, 31, 36-37.[2]

Around 2004, Disney released the character Duffy, a teddy bear made for Mickey Mouse. Id. ¶ 69. Disney later released additional characters, expanding the concept into a full merchandise line entitled *Duffy and Friends*. Id. ¶ 70. Around 2015, Disney's design group began developing a new Duffy Friend specifically for the company's Aulani Resort in Oahu, Hawaii. Id. ¶ 72. By fall 2015, Disney decided that this Friend, which it would eventually develop into the character 'Olu Mel, would be musical in nature. Id. ¶ 73.[3] Early sketches of 'Olu Mel created around that time by Disney character artist Fabiola Garza depicted a turtle holding a ukulele. Id. ¶ 75.[4] Garza and the Disney design team continued developing the character, and by August 2016 they had created a near-final version of 'Olu Mel, which featured a blue-eyed turtle that surfed and played the ukulele. Id. ¶¶ 76-80; Dkt.

---

[2] Enos asserts in his declaration that he personally sketched Honu playing a ukulele as examples for Furuya, but this does not create a material dispute of fact because there is no indication that Enos created his sketches before April 2016, let alone at a meaningfully earlier date. See UMF ¶ 37; Dkt. 64 (Enos Decl.) ¶ 68.

[3] Although Disney's character was initially introduced as 'Olu and later renamed 'Olu Mel, because there is no evidence that the name change was accompanied by any meaningful change to the character, the Court uses the name 'Olu Mel throughout this order.

[4] The Court assumes this fact is undisputed because the sketches themselves, as well as the timeline in which they were created, are adequately supported by Garza's declaration and have not been "controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-4.

3

59-4 (Garza Decl.) ¶¶ 8-13.[5]  In July 2018, Disney publicly announced and officially released 'Olu Mel.  UMF ¶¶ 88-89.

## II. Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "This burden is not a light one."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).  But the moving party need not disprove the opposing party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  Id. at 323-24; Fed. R. Civ. P. 56(c)(1).  A non-moving party who bears the burden of proof at trial as to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment.  See Celotex Corp., 477 U.S. at 322.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party.  Id. at 250-51.  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury . . . could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict . . . ."  Id. at 252.  "Only disputes over facts that might affect the

---

[5] Enos's attempt to characterize these facts as disputed without offering any evidence to support his position is unavailing.  See L.R. 56-4.

outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues." Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992). "Summary judgment is improper 'where divergent ultimate inferences may reasonably be drawn from the undisputed facts.'" Fresno Motors v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir.2006)). Instead, "the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (cleaned up).

### III. Discussion

Enos brings two claims: (1) copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq.; and (2) unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq. Dkt. 18 (FAC). Disney moves for summary judgment on both.

### A.   Copyright Infringement Claim

A plaintiff bringing a claim for copyright infringement must demonstrate (1) he owns a valid copyright in the allegedly infringed work and (2) the defendant copied the protected elements of the work. Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin, 952 F.3d 1051, 1064 (9th Cir. 2020) (citing Rentmeester v. Nike, Inc., 883 F.3d 1111, 1116-17 (9th Cir. 2018), overruled on other grounds by Skidmore, 952 F.3d 1051). It is well-established that a prior-created work cannot infringe the copyright of a later-created one. Christian v. Mattel, Inc., 286 F.3d 1118, 1128 (9th Cir. 2002). "By simple logic, it is impossible to *copy* something that does not exist." Id.

Disney argues that 'Olu Mel cannot infringe any copyright Enos may have in Ukulele Honu because, by the time Honu was first depicted with a ukulele in April 2016, Disney had already created 'Olu

5

Mel. Mot. at 20. Enos counters that "[t]here was no 'Olu Mel until sometime in Spring 2020" because Disney's turtle character was named 'Olu when he was first released to the public and did not become 'Olu Mel until Disney changed the character's name in 2020. Opp'n at 10. This argument fails because there is no evidence that Disney made any changes to the character itself other than the addition of "Mel" to the end of his name. The name change is immaterial to establishing the timeframe in which Disney created the blue-eyed ukulele-playing turtle character now known as 'Olu Mel, so the Court finds that any material facts Enos has "disputed" on this basis are not genuinely disputed.

The undisputed facts establish that Disney's cartoon turtle was first depicted as having blue eyes and playing a ukulele months before Enos's blue-eyed cartoon turtle even picked up his ukulele for the first time. Earlier versions of Honu did not include a ukulele, and the first fixed depiction of Honu playing a ukulele is dated April 18, 2016. UMF ¶ 26 ("Standing Honu did not include a ukulele"); id. ¶ 31 ("The Honu Mascot did not have a ukulele."); id. ¶ 37 ("The April 18, 2016 sketch was the first time Honu was depicted with a ukulele.").[6] By Fall 2015, Disney had decided 'Olu Mel would be a musical turtle, and multiple members of Disney's design team had created sketches of cartoon turtles playing a ukulele. Id. ¶ 73; see also Garza Decl. ¶¶ 3-9. And by February 2016, Garza had moved her sketches into Photoshop, where she created digital images of 'Olu Mel, the blue-eyed turtle, surfing and playing the ukulele. UMF ¶ 77; see also Garza Decl. ¶ 11.

Enos contends that there remains a genuine dispute of material fact as to the chronology of 'Olu Mel's creation because "Disney's timeline of Fabiola Garza's work on the 'Olu project is suspect, at best." Opp'n at 11. But Enos "cannot defeat summary judgment merely by attacking the credibility of [Disney's] evidence." Cabral v. State Farm

---

[6] Enos asserts that he personally sketched Honu playing a ukulele as an example for Furuya but provides no timeframe for when he created those sketches. See Enos Decl. ¶ 68. In the absence of any indication Enos's sketches were created at a date meaningfully earlier than April 2016, this assertion has no impact the analysis here.

Fire & Cas. Co., 582 F. Supp. 3d 701, 707 (D. Ariz. 2022). "The general rule is that specific facts must be produced in order to put credibility in issue so as to preclude summary judgment." Id. at 708 (quoting 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2726 (4th ed., Apr. 2021 update)). Enos has identified no such facts. As the Court has already explained, Enos's arguments concerning 'Olu Mel's name change lack merit. And his remaining credibility arguments attempt to raise questions about Garza's credibility with only unsupported arguments of counsel, which either lack citation altogether or mischaracterize the cited evidence. Compare Opp'n at 11-12, with UMF ¶¶ 77, 254-257. Ultimately, Enos has set forth no specific facts that raise genuine issues about Garza's credibility, and "[u]nsupported allegations that credibility is in issue will not suffice" to defeat summary judgment. Cabral, 582 F. Supp. 3d at 708 (quoting 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2726 (4th ed., Apr. 2021 update)).

Although any claim that a prior-created work infringes the copyright of a later-created work must fail, Mattel, 286 F.3d at 1128, the fact that 'Olu Mel was created before Honu was first depicted playing the ukulele is not *necessarily* dispositive. Enos contends that "the Honu character, even without the ukulele, is strikingly similar to Disney's later-created 'Olu Mel character, including incorporating the theme of a music-loving Hawaiian sea turtle, whether through the use of a ukulele or otherwise." Opp'n at 28. But, as the Court recognized at the motion to dismiss stage, Honu's character trait of musicality is expressed through his "frequent" and "repeated" association with the ukulele. See Dkt. 34 (MTD Ord.) at 5-6, 11. Enos fails to identify any other element of the Honu character that expresses a musical character trait, let alone one that is also found in 'Olu Mel. And the Court itself finds no evidence in the record that Honu existed as a "music-loving" turtle character prior to his association with the ukulele in April 2016.

Although Enos's show *Honu by the Sea* is musical in nature, the show's musicality cannot be attributed to Honu the character. As an initial matter, the word "Honu" in the show's title does not refer to the character Honu. UMF ¶ 9. In the Hawaiian language, "Honu" means

7

turtle,[7] and *Honu by the Sea* features two female turtle characters named Malia and Lehua.  Id. ¶¶ 7-8.  Although he was pictured on *Honu by the Sea* programs and appeared at shows as a mascot that interacted with audience members and took photographs with children, the character Honu never participated in the show's storyline.  Id. ¶ 30.  Enos attempts to dispute this fact by asserting that, on three dates in July 2019, "as part of the scripted show, the Honu character mascot appeared with Hello Kitty in a musical performance" in Tokyo, Japan.  Id.; Enos Decl. ¶ 62.  But this does not create a genuine dispute of material fact because appearing in a musical number in a show is not tantamount to being included in the *storyline* of that show.  And in any event, the content of shows that took place in July 2019 is of no help to Enos on the issue of prior creation because Disney created the 'Olu Mel character in 2016, more than 3 years earlier, and 'Olu Mel was publicly announced in July 2018, 1 year earlier.

As the Court explained in its order denying Disney's motion to dismiss, there are two original elements to Honu's character that, when viewed in the aggregate, make him distinct from stock turtles: his blue eyes and his musical character trait.  MTD Ord. at 8.  Importantly, the Court rejected the approach of isolating each of a character's individual elements and concluded that, although "[n]one of Honu's individual traits are protected," viewing his traits in the aggregate, "Honu the blue-eyed ukulele-playing turtle is."  Id. at 11.  Prior to April 2016, Honu exhibited only one of his two original elements—blue eyes.  And blue eyes alone cannot be copyrighted, even when featured on a cartoon turtle.  Because Disney created 'Olu Mel before April 2016, Enos's copyright claim necessarily fails.

## B. Unfair Competition Claim

Disney argues that Enos's claim under § 43(a) of the Lanham Act is barred by laches.  Mot. at 34.  Enos counters that "[l]aches is a highly

---

[7] Enos disputes this definition, asserting that "Honu" means "Hawaiian green sea turtle."  UMF ¶ 8.  This nuance does not alter the analysis.

disfavored defense" and should not bar suit where a plaintiff continues to be harmed by a defendant's ongoing wrongdoing.  Opp'n at 36.

It is well-established that laches, which imposes an equitable time limitation on a party's right to bring suit, is a valid defense to a Lanham Act claim.  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002).  Although "laches and the statute of limitations are distinct defenses, a laches determination is made with reference to the limitations period for the analogous action at law."  Id.  "If a Lanham Act claim 'is filed within the analogous state limitations period, the strong presumption is that laches is inapplicable; if the claim is filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit.'"  Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc., 603 F.3d 1133, 1139-40 (9th Cir. 2010) (quoting Jarrow Formulas, 304 F.3d at 837).  The Ninth Circuit "has applied California's [three year] fraud statute of limitations to Lanham Act claims in California."  Id. at 1140 (citing Karl Storz Endoscopy–America, Inc. v. Surgical Tech., Inc., 285 F.3d 848, 857 (9th Cir. 2002)).  Because the alleged violations for many Lanham Act claims are ongoing, "the presumption of laches is triggered if any part of the claimed wrongful conduct occurred beyond the limitations period."  Jarrow Formulas, 304 F.3d at 837.  Moreover, "in determining the presumption for laches, the limitations period runs from the time the plaintiff knew or should have known about his § 43(a) cause of action."  Id. at 838.

Enos first knew or should have known about his cause of action in July 2018, when two representatives of Japanese entertainment company Sanrio informed him that Disney was introducing a turtle named 'Olu at its Aulani resort and that the turtle had blue eyes and "looked just [like] Honu, including the name."  Dkt. 61-3 (Enos Depo Vol. III) at 530:3-21; UMF ¶ 92.  Enos waited five years to file this suit.  See Dkt. 1 (Compl. filed July 18, 2023).  Because Enos filed suit two years after the analogous limitations period expired, the presumption is that laches bars this suit.  Au-Tomotive Gold, 603 F.3d at 1140.  Enos contends that his delay was reasonable because there was likely no cause of action until Disney changed its character's name to 'Olu Mel in

9

2020. See Opp'n at 35. For the reasons previously stated, the character's name change does not provide a legitimate excuse for his delay. The Court finds Enos's delay in filing this suit was unreasonable.

"In addition to establishing that [Enos's] delay in filing suit was unreasonable, [Disney] must also demonstrate that it has been prejudiced by the delay." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 999 (9th Cir. 2006). Enos does not address the issue of prejudice. See Opp'n at 35-36. The Court finds Disney has established that it has been prejudiced by the delay because it "invested considerable creative resources, time, and expense to expand the 'Olu Mel brand, including creating additional artwork depicting 'Olu Mel in new poses and environments, and designing and manufacturing additional 'Olu Mel products." Mot. at 36; UMF ¶¶ 94-95. This type of continued investment in developing and promoting a line of products is sufficient to demonstrate economic prejudice for purposes of laches. See Harman Int'l Indus., Inc. v. Jem Accessories, Inc., 668 F. Supp. 3d 1025, 1044 (C.D. Cal. 2023), aff'd, No. 23-55774, 2024 WL 4750497 (9th Cir. Nov. 12, 2024) (collecting cases).

The Court also must "assess the equity of applying laches using the E-Systems factors: (1) strength and value of trademark rights asserted; (2) plaintiff's diligence in enforcing mark; (3) harm to senior user if relief denied; (4) good faith ignorance by junior user; (5) competition between senior and junior users; and (6) extent of harm suffered by junior user because of senior user's delay." Pinkette Clothing, Inc. v. Cosm. Warriors Ltd., 894 F.3d 1015, 1025 (9th Cir. 2018) (quoting E-Sys., Inc. v. Monitek, Inc., 720 F.2d 604, 607 (9th Cir. 1983)) (internal quotation marks omitted). Enos fails to address the E-Systems factors. See Opp'n at 35-36.

The first factor weighs in favor of laches. Enos's trademark rights are conceptually weak because Honu, which means turtle, is at best descriptive of the character Honu and the content of the *Honu by the Sea* show. See Harman Int'l, 668 F. Supp. 3d at 1039 (descriptive or suggestive marks are generally conceptually weak). The mark is

10

also commercially weak.  See UMF ¶¶ 41-42, 51-52.  The second factor also weighs in favor of laches.  Enos failed to diligently enforce the mark, making no effort to investigate 'Olu Mel after he learned of the character in July 2018, see id. ¶ 93[8], and waiting five years to file suit.  See Pinkette Clothing, 894 F.3d at 1027 (five-year delay weighed in favor of laches defense).  Because the third factor turns largely on the fact-intensive likelihood of confusion analysis, the Court assumes for this purpose that this factor weighs against applying laches.  See Harman Int'l, 668 F. Supp. 3d at 1042.  The fourth factor weighs in favor of laches because there is no evidence of bad faith in the record, and the chronology of 'Olu Mel's creation strongly suggests that Disney acted in good faith.  See supra Part II.A.  The fifth factor weighs against applying laches.  Although the parties dispute the extent to which their characters compete in the market, it is undisputed that Honu and 'Olu Mel are cartoon characters developed for children's entertainment programs and used to sell branded products.  Making all reasonable inferences in favor of Enos, these facts could demonstrate that Honu and 'Olu Mel compete for market share.  The sixth factor weighs in favor of applying laches because, as explained above, Disney has shown it has been prejudiced by Enos's delay because it has "continued to build a valuable business around ['Olu Mel] during the time that [Enos] delayed the exercise of [his] legal rights."  Pinkette Clothing, 894 F.3d at 1028 (quoting Grupo Gigante SA de CV v. Dallo & Co., 391 F.3d 1088, 1105 (9th Cir. 2004)).

     Because at least four of the six factors support the application of laches, the E-Systems analysis "validates the strong presumption in favor of laches created by [Enos's] delaying past the expiration of the most analogous state statute of limitations."  Id. at 1028 (district court did not abuse its discretion in applying laches where at least four, and possibly five, of the E-Systems factors weighed in favor of laches).  The Court finds that Enos's Lanham Act claim is barred by laches.

---

[8] Enos claims this fact is disputed but fails to identify the portion of his declaration that supports the dispute.

11

## IV. Conclusion

For the foregoing reasons, Disney's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Date: May 23, 2025            _____
                                                The Honorable Dale S. Fischer
                                                United States District Judge